Opinion of the court by
Mr. Justice TtjRnee.
This-is a writ of error from the circuit court of Warren county. The error' chiefly relied on, and which alone will bo noticed, is as. follows, viz:
That the defendants-below having appeared and filed their plea in the court below, at the return term of the process in said cause, it was error to allow the plaintiffs below, at a subsequent term of the court' to take judgment as by default, without in any wise disposing of said plea.
The defendants in this writ of error, contend that the plea filed in the cause in the court below is a nullity, ahd that they had a right to treat it as such. We admit that if the' plea is a nullity, the plaintiff below was at liberty to treat it as such. 3 J R. 541. But is the plea a nullity? The action is assumpsit on a promissory note. The record shows that the defendants below, in proper person, came into coui't and filed the following plea, to wit: "The defendants, Joseph Templeton, Alexander Mc-Neill, John Henderson, and William Henderson, came into court in proper person, and say they did not undertake and promise to pay, - &c.]as set forth in the plaintiff’s declaration, and they put themselves on the country,” and the ■ plea is signed by each defendant separately.
It is said that this is not a plea, because it does not contain the words, “come and defend the wrong and injury when, &c.” and many authorities are cited, to show the common law requisites of a plea. In answer to this, it is said in the books, that these words are merely technical, and mere matter of form. The substance of the matter is, that the defendants came into court and pleaded to the action, in due season, acknowledging the jurisdiction of the court, the sufficiency of the declaration, but’ deny their liability, because' they say that “they did not undertake and promise to pay, &c.” as set forth in the ,plaintiff’s declaration. See .Gould’s Pleading, 31 — 2. The cause of action as set forth in *172 the declaration, is fully and explicitly met and denied, and an issue to the country tendered.
We consider that the plea is not in due form, and that a special demurrer thereto might have been sustained. When a proper case is made, the courts will adhere to the forms of pleading; but, where a plea is merely informal, we do not consider that a plaintiff is at liberty to treat it as a nullity. The defendants below, by the course taken by the plaintiffs, were denied the privilege of a jury trial, and the benefit of the various matters which might have been given in evidence under the general issue.
The judgment must be reversed, and the cause remanded for further proceedings in the court below.